IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID NASH,                                                    Civil No. 04-6291-CO

        Plaintiff,                              FINDINGS AND RECOMMENDATION

  v.

KEN LEWIS; et al.,

        Defendants.

COONEY, Magistrate Judge:

      Plaintiff has filed a first amended complaint adding defendant Asante. Plaintiff alleges civil rights claims and pendent state claims against defendants arising out of his arrest and civil commitment. Plaintiff seeks general and compensatory damages, special damages, punitive damages, and an award of reasonable attorney's fees and costs and disbursements. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Defendant Asante has filed a motion to dismiss (#82) pursuant to Federal Rules of Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state a claim upon

which relief can be granted. This Court converted Defendant's motion to dismiss into a motion for summary judgment (#104), allowing the parties to submit argument and materials pertinent to a motion for summary judgment on the issue of whether Plaintiff's claims against Defendant Asante are barred by the statute of limitations only, and requesting supplemental briefing. Only Defendant has submitted a supplemental brief to the Court.

## I. FACTS

The following paragraphs paraphrase pertinent allegations contained in Plaintiff's complaint:

Defendant Asante is an Oregon nonprofit corporation doing business as Rogue Valley Medical Center.

On October 17, 2003, Plaintiff was arrested and transported to Rogue Valley Medical Center. Relying on certain false statements made by Defendant Lehman, Defendant Harris, a physician working at Rogue Valley Medical Center, issued a "Notice of Emergency Hospitalization by a Physician," which resulted in Plaintiff's confinement at Rogue Valley Medical Center.

Defendant Asante is party to one or more contracts with Defendant Jackson County Mental Health Services pursuant to which Defendant Asante receives funds for holding allegedly mentally ill patients. Through such

Findings and Recommendation - Page 2

contracts, the conduct of Defendant Asante "in holding Plaintiff incarcerated against his will was acting under color of law and pursuant to official policy or custom." (First Am. Compl. at 10 ¶ 51.) Defendant Asante failed to afford Plaintiff the civil rights, fundamental due process of law, required under ORS 426.100(3), 426.234, 426.385, and OAR 309-033-0170, including: the right to counsel; the right to be free of mechanical constraints; the right to receive medication only for the person's individual needs; the right to be free from "significant procedures"' the right to continuing reevaluation of Plaintiff's condition and release; and the right to be held no longer than the five judicial days pending a judicial hearing. In addition, Defendant Asante failed to discharge their fundamental duty to hold only those Oregon citizens who represented a danger to themselves or others, committed malpractice through failure to provide a reasonable standard of care, and abused Plaintiff.

Defendant Asante failed to afford Plaintiff his civil rights as a matter of policy, custom, or practice at its institution.

In addition, the Court makes the following findings of undisputed fact from the record, construing the facts in the light most favorable to the non-movant:

A letter from counsel James L. Buchal addressed to counsel William S. Deatherage, dated October 10, 2005, reads in relevant part:

Findings and Recommendation - Page 3

>       Re:   David Nash v. Ken Lewis, et al.
>             U.S. District Court Case No. 04-6291-CO
>
> Dear Mr. Deatherage:
>
> This letter will serve to confirm that your client Asante, doing business as Rogue Valley Medical Center (RVMC), agrees to toll the two-year statute of limitations arguably applicable to any claims by Dr. Nash against Asante for a period of sixty days.
>
> Please execute the acknowledgement [sic] below and fax me back a copy.  Thank you for your consideration in this matter.
>
>                     Sincerely,
>                        /s/
>                     James L. Buchal
>
> AGREED:
>   /s/
> William S. Deatherage
> Counsel for Asante

(Buchal Decl. at 2 & Ex. 3 at 2.)

## II.  **LEGAL STANDARDS**

Federal courts require notice pleading.  A pleading must give fair notice and state all elements of a claim plainly and succinctly, showing the party is entitled to relief.  <u>Lynn v. Sheet Metal Workers' Int'l Ass'n</u>, 804 F.2d 1472, 1478 (9th Cir. 1986), <u>dismissal denied</u>, 487 U.S. 1215 (1988), <u>aff'd</u>, 488 U.S. 347 (1989).  In ruling on a Federal Rules of Civil Procedure 12(b)(6) motion to dismiss, the court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff.  <u>Abramson</u>

v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990). Federal Rules of Civil Procedure 12(b)(6) allows the court to dismiss a complaint on a defendant's motion to dismiss for failure to state a claim upon which relief can be granted when the pleading lacks sufficient facts to state a legally cognizable claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 782 (9th Cir. 1996); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim. Abramson, 897 F.2d at 391.

If the district court converts a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56, the moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56(c); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden

Findings and Recommendation - Page 5

by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880

Findings and Recommendation - Page 6

F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

### III. DISCUSSION

Defendant Asante moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim and state claims against it on the ground that the statute of limitations has run on Plaintiff's claims. Defendant asserts that "Counsel for Defendant Asante did agree to toll the statute of limitations for the state tort claims against Asante in state court only," and attaches the Deatherage affidavit in support. (Def. Mem. at 2.) In response, Plaintiff asserts that counsel for Defendant entered into a written tolling agreement and cannot now invoke the statute of limitations through a declaration attempting to limit the agreement. In support of his opposition, Plaintiff attaches correspondence between the parties and a written tolling agreement signed by defense counsel. Plaintiff contends that defense counsel executed and returned the tolling agreement as transmitted, which provided that Defendant agreed to toll the statute of limitations "'arguably applicable to any claims by Dr. Nash against Asante for a period of sixty days,'" (Pl. Opp'n at 2 & Buchal Decl. Exs. 2 & 3), and that both letters sent to Defendant made reference to the existing federal litigation in the "Re:" line. Plaintiff contends that at no time

Findings and Recommendation - Page 7

did defense counsel make any reference to limiting the scope of the tolling agreement to non-constitutional torts or to the state court forum. Defendant filed no reply to Plaintiff's opposition.

In its supplemental briefing allowed by the Court, Defendant reiterates that defense counsel never agreed to toll any claims in federal court and Plaintiff's claims against it in federal court are untimely. Defendant asserts that the signed writing between the parties is not a fully integrated agreement, thereby opening the door to parol evidence concerning which claims and venues the tolling agreement covers. In the alternative, Defendant asserts that the Court should consider extrinsic evidence because an ambiguity exists on the face of the written agreement because it is unclear whether the forum is state court, federal court, or both. Plaintiff did not file a supplemental brief.

Oregon's two-year statute of limitations for personal injury actions, ORS 12.110(1), governs § 1983 actions. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam); Bibeau v. Pac. Northwest Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999), amended by 208 F.3d 831 (9th Cir. 2000); Plumeau v. Sch. Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Here, the face of the amended complaint reveals that the acts of Defendant of which Plaintiff complains occurred on or about October 17,

2003. The record shows that, following the grant of Plaintiff's motion for leave to file an amended complaint, Plaintiff's claims against Defendant were included in his first amended complaint filed on November 17, 2005 (#75).

From a review of the face of the first amended complaint, Plaintiff's action appears time barred. See AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982). However, parties may contract to toll a statute of limitations in anticipation of pending litigation. See, e.g. Fin. Sec. Assurance, Inc. v. Stephens, Inc., ___ F.3d ___, No. 04-14894, 2006 WL 1472934 (11th Cir. 2006) (enforcing a tolling agreement made in view of pending litigation). The parties both rely on the signed tolling agreement, (Buchal Decl. Ex. 3), in support of their respective positions.

Oregon codifies its parol evidence rule at ORS § 41.740, which provides:

> When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However ORS 41.740 does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as

contracts between parties.

(Emphasis added.) ORS § 42.220 gives the Court discretion to consider evidence concerning "the circumstances under which [the purported agreement] was made, including the situation of the subject and of the parties . . . so that the judge is placed in the position of those whose language the judge is interpreting."

That a writing exists, alone, does not awaken the parol evidence rule. <u>Hatley v. Stafford</u>, 284 Or. 523, 527 (1978). However, a fully integrated writing, complete on its face, gives rise to a presumption that the writing completely integrates the terms of the parties' agreement and, therefore, that the parol evidence rule applies. <u>Id</u>. at 535. The presumption can be rebutted with "substantial evidence" that the parties did not intend the writing to be their complete agreement. <u>Id</u>.

In contrast, a partially integrated writing conveys the final expression of whatever terms it contains, but does not contain all terms of the agreement. "[A partially integrated] writing omits a consistent, additional agreed-upon term, which was (1) agreed to by the parties for separate consideration, or (2) such a term as in the circumstances might naturally be omitted from the writing." <u>Abercrombie v. Hayden Corp.</u>, 320 Or. 279, 289 (1994). A partially integrated writing supersedes all prior agreements

Findings and Recommendation - Page 10

inconsistent with the terms memorialized in the writing.  Id.

A term or clause is ambiguous if, in context, it can reasonably be given more than one possible meaning.  Pac. First Bank v. New Morgan Park Corp., 319 Or. 342, 347-48 (1994).

> Where the language of a writing is clear and unambiguous, extrinsic evidence is not admissible upon the ground of aiding the construction. But where the language of a written instrument is ambiguous or equivocal or reasonably susceptible of conflicting interpretations the Code permits evidence of the circumstances under which the writing was made, including the situation of the subject of the instrument and of the parties to it, so that the court can be placed in the position of him whose language is to be interpreted.

Allen v. Hendrick, 104 Or. 202, 212-13 (1922).

Although not explicitly stated in the cases, the Court's reading of Oregon cases on this issue distinguishes between terms missing from a writing and ambiguous terms.  A missing term may form a part of the agreement and extrinsic evidence to that effect may be considered.  In contrast, an ambiguous term must be memorialized in the writing, but in a manner such that its meaning is unclear, before the Court may consider extrinsic evidence to establish a term's meaning.

Here, the parties' written memorial of their tolling agreement unambiguously provides that the parties tolled the statute of limitations applicable to "any claims":  the tolling agreement states that it "will serve to

Findings and Recommendation - Page 11

confirm that . . . Asante . . . agrees to toll the two-year statute of limitations arguably applicable to any claims by Dr. Nash against Asante for a period of sixty days."  (Buchal Decl. at 2 & Ex. 3 at 2, emphasis added.) Consequently, the tolling agreement by its terms incorporates clearly the scope of claims and venues for which it tolls the statute of limitations. The agreement tolled the statute for "any claims," whether brought under a state, federal, or international law, and whether brought in a state, federal, or international venue.

    The Court finds that the parties' tolling agreement is a fully integrated agreement, and parol evidence submitted by the parties as to the meaning of its terms cannot be considered by the Court.  Consequently, the Court concludes that the tolling agreement by its terms unambiguously extends to the claims presently before the Court, and the claims, therefore, are not time barred.  Defendant's motion to dismiss for failure to state a claim on the basis that the statute of limitations bars Plaintiff's federal and state claims against it, converted to a motion for summary judgment, should be denied.

    Defendant also contends that, even if the statute of limitations on Plaintiff's § 1983 claim has not run, the claim fails because Defendant is not a state agent.  Defendant contends that it is neither an employee of any governmental body, nor do its actions constitute actions under color of state

Findings and Recommendation - Page 12

law and, therefore, Plaintiff's § 1983 claim against it should be dismissed. Plaintiff responds that it is premature to litigate the question of whether Defendant is liable under § 1983 before any discovery has taken place. Plaintiff contends that this case concerns the same statutory and regulatory scheme as that considered by the Ninth Circuit in Jensen v. Lane County, 222 F.3d 570 (9th Cir. 2000), and Exhibit 1 to the complaint[1] contains a lengthy description of the continuing governmental involvement in the complex and deeply intertwined process of Plaintiff's civil commitment. Plaintiff asserts that Defendant is providing contract services to Jackson County, just as the physician was in Jensen, and references Buchal Declaration Exhibit 7. Defendant offers no reply to Plaintiff's arguments.

To state a claim for relief under section 1983, "a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." Lopez v. Dept. of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). The "under color of state law" requirement is equivalent to "state action," that is, the conduct allegedly causing the deprivation of a federal right must be fairly attributable to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 928,

---

[1] Exhibit 1 to the first amended complaint is Plaintiff's tort claim notice.

Findings and Recommendation - Page 13

937 (1982). The Ninth Circuit has held that,

> In order to be considered state action, when a private actor participates in a governmental act, the court must find a sufficiently close nexus between the state and the private actor "so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 [] (1974). . . . The Court in Jackson clarified that the "State [must be] so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise." 419 U.S. at 357-58 [].

Jensen v. Lane County, 222 F.3d 570, 575 (9th Cir. 2000). However, detailed regulation and funding for private actors are not sufficient to transform a private party's conduct into state action. Id; Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) (citing Blum v. Yaretsky, 457 U.S. 991, 1007-08, 1009-10 (1982)); Chrisman v. Sisters of St. Joseph of Peace, 506 F.2d 308, 313 (9th Cir. 1974) (and cases cited). The Ninth Circuit in Jensen found that the private party and the County through its employees had "undertaken a complex and deeply intertwined process of evaluating and detaining individuals who are believed to be mentally ill and a danger to themselves or others." Jensen, 222 F.3d at 575. There, the record showed that county employees initiated the evaluation process, there was significant consultation with and among the various mental health professionals, and the private group of psychiatrists who contracted with the private party helped to develop and maintain the mental health policies of the county psychiatric

Findings and Recommendation - Page 14

facility.

On a motion to dismiss, the Court is limited to the allegations included in Plaintiff's complaint, which it construes as true. Therefore, the exhibit attached to Plaintiff's opposition and referenced by him in support of his contention that Defendant is a state actor, cannot be considered by the Court at this point in the proceedings.[2] Here, Plaintiff alleges that Defendant is party to one or more contracts with Defendant Jackson County Mental Health Services, and that Defendant receives funds for holding mentally ill patients. He also alleges that Defendant Eisenhaure, an employee of Defendant Jackson County Mental Health Services, investigated Plaintiff and issued a report. In his tort claim notice attached to the amended complaint as Exhibit 1, Plaintiff asserts that Jackson County Mental Health Services has provided training materials to its employee and Mental Health Investigator, Defendant Eisenhaure; and that the Oregon Department of Human Services has, upon information and belief, approved the Rogue Valley Medical Center, and has drafted Oregon Administrative Rules and provides training materials.

On this record and at this point in the proceedings, the Court cannot say that Plaintiff fails to allege facts which show that Defendant Asante, who

---

[2] Plaintiff suggests that the motion on this issue be converted to one for summary judgment. However, Plaintiff acknowledges that discovery is not complete. See Fed. R. Civ. P. 56(f).

Findings and Recommendation - Page 15

holds allegedly mentally ill patients under contract with Defendant Jackson County Mental Health Services, is not a state actor; the Court finds Plaintiff's allegations state a claim for relief against Defendant Asante under § 1983. Defendant's motion to dismiss for failure to state a claim on the basis that Defendant is not a state actor should be denied.

## IV. **RECOMMENDATION**

Based on the foregoing, it is recommended that Defendant Asante's motion to dismiss (#82), converted in part to a motion for summary judgment, be denied.

<u>This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals</u>. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** <u>The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections</u>. **Failure to timely file objections to any factual**

**determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

                                      DATED this ___7____ day of July, 2006.

                                      _____/s/_____
                                      UNITED STATES MAGISTRATE JUDGE