IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID NASH,                                              Civil No. 04-6291-PA

      Plaintiff,                                       ORDER

  v.

KEN LEWIS; et al.,

      Defendants.

PANNER, Judge:

      Plaintiff David Nash brings this case against defendants alleging claims for violation of his civil rights and pendent state claims arising out of his arrest and placement on an involuntary hospital hold. Before the Court are motions for summary judgment by defendants Ken Lewis, Carl Lehman, Rogue River Police Department, and the City of Rogue River (Rogue River defendants) (#155) and by defendants Jackson County Mental Health Services and David Eisenhaure (Jackson County defendants) (#172), which are opposed by plaintiff.

## BACKGROUND

      Construing the facts in the light most favorable to the non-movant, the record reveals the following:

On October 17, 2003, plaintiff David Nash went to the Rogue River Police Department with several printed e-mails. Nash stated he wanted to talk about his "stealth computer." (Lewis Aff. ¶ 5; Nash Decl. ¶ 10.) Nash had previously sent dozens of e-mails to the police department. (Rogue River Defs. Ex. 1 Nash Dep. p. 102.) After talking to plaintiff, Chief Ken Lewis arrested plaintiff and read him his Miranda rights. Shortly after placing Nash under arrest, Lewis realized that Nash was having mental health issues. Lewis decided not to continue with processing Nash with the arrest but to have Nash transferred to the Rogue Valley Medical Center (RVMC) for a mental health evaluation. (Lewis Aff. ¶¶ 6, 7 & 8; Nash Decl. ¶ 12.) Nash was transported to RVMC by Officer Carl Lehman. While being transported, Nash made rambling statements regarding a stealth computer. (Lehman Aff. ¶ 8.)

At the hospital, Dr. Harris signed a report which stated that Nash had "threatened to shoot children" and "threatened to kill Ashcroft and President Bush." (Compl. ¶ 8.) Harris's report also opined that Nash was mentally ill and dangerous. (Jackson County Defs. Attach. 1 Eisenhaure Dep. Ex. 32.) David Eisenhaure, a Jackson County mental health investigator, obtained a copy. (Compl. ¶ 8.)

Nash was transferred to a more secure lock-up in Roseburg. Eisenhaure was told by hospital staff at Roseburg that Nash had been pacing and would not lie down, and was noncompliant. (Jackson County Defs. Attach. 2 Eisenhaure

Order - Page 2

Dep. p. 57; Second Buchal Decl. Ex. 2 at 6-7 Nash Dep. 166-67).

When Nash returned to RVMC from Roseburg, Eisenhaure and Dr. Dixon met with him. (Jackson County Defs. Attach. 4 Eisenhaure Dep. p. 23.) Eisenhaure perceived Nash's speech was pressured, he went on "at great lengths" about the police, the President, the department of defense, and his "stealth computer." Eisenhaure considered Nash to be in a "highly agitated manic state." (Jackson County Defs. Attach. 4 Eisenhaure Dep. p. 23.) Eisenhaure tried to call Rogue River Police Chief Lewis to investigate, but Lewis was out of town. (Jackson County Defs. Attach. 5 Eisenhaure Dep. p. 24.)

Dr. Genack assumed care of Nash. (Jackson County Defs. Attach. 6 Eisenhaure Dep. p. 25.) Although Eisenhaure was undecided whether Nash met the statutory criteria for commitment, Eisenhaure thought Dr. Genack had a concern that, without psychotropic medication, Nash's behavior–the emailing and pointing fingers at the Rogue River police--could escalate if he were released. (Jackson County Defs. Attach. 7 Eisenhaure Dep. p. 26; Second Buchal Decl. Ex. 1 at 7-9 Eisenhaure Dep. 25-27.) Dr. Garwood also examined Nash. (Jackson County Defs. Attach. 9 Eisenhaure Dep. p. 38.) According to Eisenhaure, all three psychiatrists (Dixon, Genack and Garwood) had concerns about Nash's impaired judgment and his highly agitated state. (Jackson County Defs. Attach. 10 Eisenhaure Dep. p. 40.)

Eisenhaure's investigation was delayed because Nash had been away in

Roseburg for a time, and because Lewis was out of town and unavailable. (Jackson County Defs. Attach. 5 Eisenhaure Dep. p. 24.)  The hearing was set for Monday, October 27.  (Eisenhaure Aff.)  Eisenhaure believed Nash had a mental illness, but did not believe Nash was dangerous.  Eisenhaure decided to proceed to a mental hearing and let the court decide.  Eisenhaure told Nash that Chief Lewis was on vacation and showed him the hearing notice.  (Jackson County Defs. Attach. 10 Eisenhaure Dep. p.40; Second Buchal Decl. Ex. 1 Eisenhaure Dep. at 40, Ex. 2 at 16-17 Nash Dep. 238-39.)  Nash wanted Lewis to attend the hearing so he could question him.  (Eisenhaure Aff.)

At the hearing on Monday, October 27, psychiatrist Dr. Sasser testified that he thought Nash was bipolar and manic, with psychotic features, and would be unable to care for his own basic needs if he weren't committed.  (Jackson County Defs. Attach. 12 Eisenhaure Dep. Ex. 13 Hearing Tr. p. 34.)  Judge Orf found that Nash was mentally ill, but found no basis that he was then dangerous to self or others.  She dismissed the petition and released Nash.  (Jackson County Defs. Attach. 3 Eisenhaure Dep. Ex. 13 Hearing Tr. p. 42.)

Eisenhaure has a bachelor's degree in psychology from SOU.  (Jackson County Defs. Attach. 14 Eisenhaure Dep. p. 7.)  He has worked with the mentally ill in Jackson County since 1987.  (Jackson County Defs. Attach. 15-16 Eisenhaure Dep. p. 10-11.)  The first two years he was a "skills trainer," helping the mentally ill to develop survival skills.  The next two years he was a case

manager, with his own caseload of 25 mentally ill clients. (Jackson County Defs. Attach. 16 Eisenhaure Dep. p. 11.) From 1991, he has worked as a certified mental health investigator. The State has recertified him every two years. He takes continuing education. (Jackson County Defs. Attach. 17 Eisenhaure Dep. p. 12.) Eisenhaure has been involved in approximately 3000 cases of mental illness, and is now a Senior Pre-commitment Investigator. (Eisenhaure Aff.)

## **DISCUSSION**

Rogue River defendants' motion

Plaintiff alleges 42 U.S.C. § 1983 claims against defendants Lewis and Lehman for deprivation of his First Amendment and Fourth Amendment rights; and state tort claims, if their conduct was not within the scope of employment, for libel/slander, false imprisonment, battery, and intentional infliction of emotional distress. Plaintiff alleges a 42 U.S.C. § 1983 claim against defendant City for failure to instruct, supervise and discipline Lewis and Lehman; and liability for Lewis and Lehman's state tort claims, if Lewis and Lehman were acting within the scope of employment.

The Rogue River defendants contend that plaintiff's civil rights claims against them fail because probable cause existed to take plaintiff into custody for a mental health examination, and defendants must be dismissed because defendant police officers Lewis and Lehman are entitled to qualified immunity. They also contend that, because defendants Lewis and Lehman had probable

cause to take plaintiff into custody for a mental health examination, defendants are immune from liability under state law. Plaintiff responds that genuine issues of material fact bar summary resolution of the civil rights and state law claims against defendants.

In their motion, defendants focus on only one claim of the claims asserted against them by defendants. I have reviewed the evidence offered by the parties and, construing the evidence in the light most favorable to plaintiff, find that plaintiff offers evidence which creates material issues of fact as to the circumstances existing when defendants took plaintiff into custody and transported him to Rogue Valley Medical Center for a mental health evaluation.

<u>Jackson County defendants' motion</u>

Plaintiff alleges 42 U.S.C. § 1983 claims against defendant Eisenhaure arising from Eisenhaure's investigation and delay of a hearing.[1] As to defendant Jackson County, plaintiff alleges a 42 U.S.C. § 1983 claim for failure to train and supervise Eisenhaure; and ORS 30.265 liability of Jackson County for Eisenhaure's state tort claims for false imprisonment, battery, and malpractice, alleging that Eisenhaure was acting within the scope of employment.

---

[1] Plaintiff also alleges state tort claims against defendant Eisenhaure. In plaintiff's alternative third claim, count two, plaintiff alleges state tort claims against defendant Eisenhaure, alleging that Eisenhaure's conduct was not within the scope of employment. In plaintiff's opposition to the Jackson County defendants' motion for summary judgment, plaintiff agrees to dismissal of the alternative third claim brought against defendant Eisenhaure for state tort claims alleged on the theory that Eisenhaure was not acting within the scope of employment. (Pl. Opp'n to Mot. of Jackson County Defs. at 1.)

Order - Page 6

The Jackson County defendants contend that there is no vicarious liability of Jackson County because Eisenhaure discharged his statutory duties; there is no primary liability of defendant Jackson County under state law for inadequate training and supervision of Eisenhaure; there is no § 1983 liability as to defendant Eisenhaure, and defendant Eisenhaure is entitled to qualified immunity; and there is no Monell[2] liability as to defendant Jackson County because defendant Eisenhaure committed no § 1983 violation, and there is no County liability because it has no defective policy, custom, or practice.  Plaintiff responds that defendants have no defense to his claim that he was held beyond the statutory deadline; defendant Eisenhaure is not entitled to immunity; and triable issues exist as to whether defendant Jackson County bears responsibility for Eisenhaure's conduct and its own failures.

I have reviewed the record and, construing the evidence in the light most favorable to plaintiff, find that numerous questions of material fact exist as to defendant Eisenhaure's investigation and the circumstances relating to the scheduling of plaintiff's commitment hearing while plaintiff remained detained in the hospital.  Concomitantly, questions of fact exist as to defendant Jackson County's liability.

//

//

---

[2] Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978).

Order - Page 7

## ORDER

Based on the foregoing, it is ordered that the motion for summary judgment brought by defendants Ken Lewis, Carl Lehman, Rogue River Police Department, and the City of Rogue River (#155) is denied; and that the motion for summary judgment brought by defendants Jackson County Mental Health Services and David Eisenhaure (#172) is granted in part and denied in part: Jackson County defendants' motion for summary judgment as to plaintiff's alternative third claim, count two, alleged against defendant Eisenhaure, is granted and that claim only is dismissed; and Jackson County defendants' motion as to plaintiff's remaining claims against Jackson County Mental Health Services and Eisenhaure is denied.

IT IS SO ORDERED.

DATED this __30____ day of April, 2007.

___/s/ Owen M. Panner_____
Owen M. Panner
United States District Judge