IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID NASH,                                           Civil No. 04-6291-PA

    Plaintiff,                                    ORDER

  v.

KEN LEWIS; et al.,

    Defendants.

PANNER, Judge:

    Judgment was entered in favor of defendants following a trial by jury and the Court's Order adjudicating plaintiff's remaining claims. Plaintiff has filed a motion for new trial (#372, #373). Jackson County defendants and Rogue River defendants have filed responses to plaintiff's motion. For the reasons stated, I deny plaintiff's motion.

## I. LEGAL STANDARDS

    The court may grant a motion for a new trial if the jury's verdict is contrary to the clear weight of the evidence, if the verdict is based on false evidence, or if there would otherwise be a miscarriage of justice. See Roy v. Volkswagen of Am., Inc., 896 F.2d 1174, 1176 (9th Cir.), amended by 920 F.2d 618 (9th

Cir.1990). "[T]he standard for considering a request for a new trial is whether the exclusion of the evidence was in error and 'affected the substantial rights of any party sufficient to warrant a new trial.'" Anderson v. Genuine Parts Co., 128 F.3d 1267, 1270 (9th Cir. 1997). "A new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party." Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995). "While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial 'merely because it might have come to a different result from that reached by the jury.'" Roy, 896 F.2d at 1176 (quoting Wilhelm v. Associated Container Transp. (Australia) Ltd., 648 F.2d 1197, 1198 (9th Cir.1981)). The district court has discretion in deciding whether to grant a new trial. Unocal Corp. v. United States, 222 F.3d 528, 534 (9th Cir. 2000).

## II. DISCUSSION

Plaintiff moves for a new trial on the grounds that,

> there were errors in the verdict form, there were errors in the jury instructions, the verdict was against the weight of the evidence, the verdict is unjustifiable as a matter of law, pre-trial rulings on defense motions as to the scope of the evidence destroyed plaintiff's ability to show that certain defendants' actions were undertaken in bad faith and without probable cause, parties were dismissed without an appropriate basis in law both before and after trial, and the state law claims for defamation were dismissed without an appropriate basis in law or even a motion by the applicable defendants.

(Pl. Mem. at 2.)

**2.A.   Verdict form did not correctly state applicable defenses**

Order - Page 2

Plaintiff challenges the verdict form, contending that the verdict form instructed the jury that if the respective defendant acted "without malice," they were not to award any damages, whereas the statutory defense is conjunctive, requiring each defendant to show that defendant acted without malice and also that defendant had probable cause and was acting in good faith.  As to Jackson County, plaintiff asserts that, because of the misstatement of law in the verdict form, the jury was not permitted to find that defendant acted with probable cause and in good faith.  Jackson County responds that counsel for both sides framed the issue clearly for the jury during argument as to the County's affirmative defense, and the term "malice" was an adequate shorthand for factual issues the jury plainly understood; and Eisenhaure testified that he was in good faith and had probable cause, which testimony was corroborated and essentially uncontradicted and, therefore, no reasonable juror could have found in plaintiff's favor as to the two missing elements so their omission was harmless.  Jackson County defendants also respond that the Court has already ruled that the verdict form was adequate--plaintiff's counsel had an opportunity, even after the jury announced it had reached a verdict to continue to seek correction of the form, seek re-instruction, request further deliberation, or ask for a more detailed polling--and, therefore, plaintiff waived those opportunities and the jury has been released.

The jury instructions include the full language of the statutory defenses for each defendant the defense applied to.  Specifically, the jury instructions set forth the statutory defense as to Jackson County regarding the setting of the

Order - Page 3

hearing date.  (#348 Jury Instructions at 14:5-8.)

Here, the record shows that the jury was released at 5:17 p.m. on Friday, May 25, 2007 (#343) and the jury returned on Tuesday, May 29, 2007, at 9:00 a.m. to begin deliberations[1] (#342, #345).  It is noted that, on Friday afternoon, May 25, 2007, all parties had a copy of the verdict form which was read to the jury.  The record further reflects that plaintiff's motion to amend verdict form addressing this issue was electronically filed at 1:16 p.m. on May 29, 2007, (#338), and the jury returned their verdict at 2:00 p.m. (#345).  Plaintiff did not request any re-instruction or further deliberation by the jury, nor did he ask for polling on the issue, and the jury was released.

The Court agrees with Jackson County defendants that, having set forth the full statutory defense in the jury instructions, the reference in the verdict to "without malice" was not an inappropriate "shorthand" for the statutory defense set forth in the instructions.   Moreover, plaintiff took no steps to attempt to correct the verdict form once the verdict was given.  Plaintiff's motion on this ground is denied.

**2.B.  <u>Verdict form did not allow for finding of liability on false imprisonment claim against defendant Jackson County</u>**

Plaintiff contends that, based on the finding of negligence by Jackson County, it is reasonable to believe that the jury would have also found that it

---

[1]  Monday, May 28, 2007, was a federal holiday.

Order - Page 4

falsely imprisoned plaintiff, but the verdict form did not allow the jury to so find. Plaintiff contends that, through no fault of his, the change in the verdict form to read "liable" instead of negligent was not incorporated into the final verdict form. Plaintiff states that he requested separate verdicts for false imprisonment and negligence. Jackson County does not respond to plaintiff's contention.

The Court notes that plaintiff's motion to amend the verdict form, which was filed more than three days after the parties were in possession of the verdict form read to the jury and more than four hours after the jury began deliberating on Tuesday, May 29, 2007, did not include a request to amend the verdict form in this regard.

In light of the statutory defense available to defendant as to the setting of the hearing, I find that the use of "negligent" in the verdict form, rather than "liable" is harmless. Plaintiff's motion on this ground is denied.

### 3.A.  Error in jury instructions - Warrantless arrest

Plaintiff contends that the instructions at page 6, lines 2-5, failed to incorporate the difference between misdemeanors and felonies as to defendants' right to arrest. Rogue River defendants respond that the instruction given was from Ninth Circuit model instruction 9.20.

This instruction was in the proposed instructions discussed in court with counsel (#356). Plaintiff did not take an exception to this instruction. Defendants are correct that this instruction is taken from the Ninth Circuit model

Order - Page 5

instructions. Plaintiff's motion on this ground is denied.

**3.B.** **Error in jury instructions - Plaintiff's burden of proving probable cause**

Plaintiff contends that the instructions at page 6, lines 8-10, and page 7, lines 13-16, failed to include the burden shifting analysis for § 1983 cases adopted in the Ninth Circuit. The Rogue River defendants respond that plaintiff did not request such an instruction; the instructions properly state the law and were not in error; and the language requested by plaintiff was not necessary because there was ample evidence that probable cause existed for arrest and taking plaintiff into custody for a protective hold.

It does not appear that plaintiff requested such an instruction and he did not propose adding such an instruction at the time the instructions were discussed with counsel in court. Plaintiff's motion on this ground is denied.

**3.C.** **Error in jury instructions - Misleading instruction**

Plaintiff contends that the jury instructions at page 9, lines 9-13, properly stated Oregon law, but the instruction following at page 9, lines 13-15 is misleading because it confuses what is a defense as to defendants and appears to require plaintiff to prove defendants acted with probable cause, which is a fundamental misstatement of law. Plaintiff states that this instruction also relies solely on the malice standard. The Rogue River defendants respond that the

Order - Page 6

challenged instruction correctly states the law and was not misleading.

The challenged instruction was requested by plaintiff at the instructions conference with counsel in which the proposed instructions were discussed. Plaintiff's objection to the instruction after the jury had been instructed came too late. Plaintiff's motion on this ground is denied.

### 3.D.   Error in jury instructions - Improper incorporation of "foreseeability" standard into negligence per se instruction

Plaintiff contends that the instructions at page 10, lines 4-12, improperly states that if defendants were acting as reasonable careful persons in the circumstances that this relieves defendants of liability for negligence per se, which is not a correct statement of law. He asserts that he requested other instructions which would have clarified the instruction.

The portion of the instruction of the negligence per se instruction challenged by plaintiff at lines 4-7 is from the Oregon Uniform Civil Jury Instruction, UCJI 20.03. This portion of the instruction was in the proposed instructions discussed with counsel and plaintiff did not take exception to it. I added, at plaintiff's request, additional instruction taken, in part, from plaintiff's proposed instruction on this issue and, in part, from comments of counsel in court. Plaintiff's motion on this ground is denied.

### 4.   Verdict is against the weight of the evidence

Order - Page 7

As to Jackson County's liability for false imprisonment and negligence per se, plaintiff contends that the verdict is against the weight of the evidence. Plaintiff contends that he clearly showed that Jackson County and Eisenhaure violated laws entitling him to damages based on a negligence per se theory, and the verdict form did not appropriately handle "the bases" for Jackson County's liability.   Plaintiff asserts that his confinement became unlawful five judicial days after his confinement and Jackson County is clearly liable.  Jackson County does not respond to plaintiff's argument.

Plaintiff also contends that the verdict is against the weight of the evidence as to Lewis and the City of Rogue River as to his Fourth Amendment claims.  He contends that the evidence is not sufficient to find that Lewis was acting with probable cause when he arrested plaintiff for an alleged misdemeanor committed outside his presence; the evidence is insufficient to support the fact that plaintiff was a danger to himself or others or a flight risk; and, according to Lewis' testimony, he had no reason to believe plaintiff posed any danger.  Plaintiff asserts that defendants' evidence was based on "clearly questionable and obviously discredited testimony," for example, Lehman's testimony.  The Rogue River defendants respond that  plaintiff's argument is disingenuous.  They argue that there was  ample evidence of probable cause to arrest plaintiff and take him into custody for mental health evaluation because he was considered a danger to himself or others.

As to Jackson County, plaintiff's argument here is similar to the argument made by him at 2B, above, both as to plaintiff's claims and the statutory defense

Order - Page 8

available to Jackson County regarding the setting of the hearing. Considering all the evidence presented on this issue, I cannot say that the jury's verdict as to defendant Jackson County is against the weight of the evidence.

Nor can I say, considering the evidence presented as to Lewis' arrest of plaintiff and his taking of plaintiff into custody for care or treatment of mental illness is against the weight of the evidence. Witness testimony offered by defendants was not obviously discredited testimony, and the jury was free to believe or disbelieve the testimony offered by both sides.

Plaintiff's motion on this ground is denied.

5.  **Verdict is unjustifiable as a matter of law**

In arguing that the verdict is unjustifiable as a matter of law, plaintiff contends that the jury found that Jackson County was negligent and was not malicious, but they did not find that Jackson County acted with probable cause or good faith and, therefore, the jury should have been able to award plaintiff damages on the negligence claim. Also, because the verdict form did not include any place for the jury to find that Jackson County was liable for falsely imprisoning plaintiff, plaintiff contends that the verdict is unjustifiable. He asserts that all attempts to bring this matter to the Court's attention were made in a timely manner. Jackson County has not responded to plaintiff's contention.

Plaintiff's argument is similar to arguments made by plaintiff relating to the form of the verdict and, as I noted above, the issue that the verdict form did not

Order - Page 9

include a place for a finding as to the claim of false imprisonment was not included in plaintiff's motion to amend. For the reasons stated above, I cannot find on the trial record that the verdict is unjustifiable as a matter of law. Plaintiff's motion on this ground is denied.

### 6. The "Prior Ruling"

Plaintiff contends that the Prior Ruling, which limited the introduction of evidence as to the history of "bad blood" between plaintiff and the Rogue River Police Department, Lewis, and Lehman was overbroad and severely limited the scope of evidence that could be introduced at trial. Plaintiff asserts that no legal basis was stated or identified as to the limitation of the evidence and, assuming the basis was Federal Rules of Evidence 403, the evidence had a strong probative value as to the motives and intentions of Lewis and Lehman and connected directly to the question of whether these defendants acted in good faith, with probable cause, and without malice. The Rogue River defendants respond that the Court correctly excluded much of the irrelevant and unfairly prejudicial evidence offered by plaintiff. If relevant, defendants contend that the evidence would have confused the issues, misled the jury, caused undue delay, wasted time, and resulted in the needless presentation of cumulative evidence.

The reasons for my ruling excluding certain evidence of plaintiff's, denominated as the Court's "Prior Ruling," were discussed at the pretrial conferences with counsel. Plaintiff does not offer any argument which would

warrant a changed ruling in this regard and a new trial. Plaintiff's motion on this ground is denied.

**7.A.     Dismissal of parties - David Eisenhaure - Section 1983 liability**

**7.B.     Dismissal of parties - Jackson County - Monell liability**

Plaintiff notes that the dismissal of the § 1983 claims against Eisenhaure was sua sponte and without written opinion. He contends that a person authorized to act in furtherance of an involuntary commitment proceeding pursuant to the statutes, ORS Chapter 426, who fails to comply has, as a matter of law, violated the due process protections inherent in these statutes and violated constitutional rights. Plaintiff contends that, at a minimum, there was a factual question as to the probable cause by Eisenhaure to believe plaintiff was dangerous and whether he complied with the procedures and limitations of ORS 426.228 et seq. Plaintiff contends that the Court's written opinion suggests that the dismissal of the Monell claim against Jackson County was based on a finding that the ORS 426.232(2) "five day rule" was "procedural" rather than "substantive," but no authority was cited by the Court. Plaintiff argues that, because the Monell claim was bifurcated, plaintiff was not allowed to introduce all evidence on issues of policies supporting flawed decisions by Eisenhaure, who was an official with policymaking authority. Jackson County responds that these issues have been briefed and the Court ruled correctly.

Plaintiff included a colorable constitutional due process claim against

Eisenhaure. However, at trial, I dismissed this claim against Eisenhaure for delay in plaintiff's release because I found that, based upon a review of case law, plaintiff's claim that his release was delayed beyond five days was a state procedural rule rather than a substantive rule and did not state a claim of constitutional dimension. I also dismissed plaintiff's constitutional claim against Eisenhaure for inadequate investigation at trial because I determined that the evidence presented at trial was insufficient to support such a claim. The <u>Monell</u> claim against Jackson County was bifurcated and, following trial, I found that there was no municipal liability of Jackson County and no <u>Monell</u> claim which remained to be adjudicated (<u>See</u> #370 Order).

Plaintiff's argument does not warrant any changed ruling by me as to the constitutional claims against Eisenhaure or Jackson County or a new trial. Plaintiff's motion on this ground is denied.

### 8.   <u>State law claims; defamation</u>

Plaintiff contends that the Rogue River defendants did not raise the affirmative defense of absolute privilege, thereby waiving it and, therefore, the Court had no basis to dismiss the libel and slander claims against Lewis and Lehman. The Rogue River defendants respond that they raised immunity defenses under ORS 30.265(2) and (3)(c), which give rise to the absolute privilege afforded defendants.

In my Order following trial addressing plaintiff's claims left to be

Order - Page 12

adjudicated, I noted defendants' ORS 30.265 defenses, and applied the absolute privilege available to public officers (#370 Order). Plaintiff offers no reason to change my ruling in this regard. Plaintiff's motion on this ground is denied.

## ORDER

Based on the foregoing, plaintiff's motion for new trial (#372, #373) is denied.

IT IS SO ORDERED.

DATED this __19___ day of December, 2007.

__/s/ Owen M. Panner_____
Owen M. Panner
United States District Judge